Treat, Justice, delivered the opinion of the court: [*361] Meredith & Spencer brought an action against Wight & Jackson in the Jo Daviess circuit court. The declaration was in assumpsit, on a promissory note executed by the 'defendants as partners. Both of the defendants were served with process. Wight pleaded non assumpsit. The default of Jackson was entered, and final judgment rendered against him for the amount of the note. At the same time the court, on the application of Wight, awarded a change of venue to Ogle county. In the circuit court of that county a trial was had, and judgment rendered against Wight for the amount then due on the note. The rendition of those judgments is now assigned for error by Wight & Jackson, who bring the record before this court by writ of error. The action was on a joint understanding by the defendants, and both of them being before the court, the plaintiffs were entitled to a recovery against both, or not at all. In such case the judgment to be rendered must be joint and not several. It was clearly erroneous to render final judgment against Jackson before disposing of the defence interposed by his co-defendant. On entering the default of Jackson the court should have stayed all further proceedings as to him, until the trial of the issue tendered by Wight. On the trial of that issue the jury might be directed to assess'the damages against the party in default. If the finding on the issue should be for the plaintiffs a joint judgment could be rendered. Kimmel v. Shultz, Breese 128; Russel v. Hogan, 1 Scam. 552; Hoxey v. The County of Macoupin, 2 Scam. 36; Teal v. Russell, 2 Scam. 319; McConnel v. Swailes, 2 Scam. 571; Tolman v. Spaulding, 3 Scam. 13; Wells v. Reynolds, 3 Scam. 191; Frink v. Jones, ante 170. If the proper practice had been, pursued by the court the change of venue would have removed the whole case, aud the circuit court of Ogle county might properly have rendered a judgment against both of the defendants. As it is, several judgments have been rendered in different courts in a case where, from the character of the cause of action, but one judgment, and that a joint one, could rightfully be rendered. Consequently neither of the judgments can be sustained, and both must be reversed. From the confusion in which the case is involved this court will not remand the cause, but leave the parties to litigate their differences in a new proceeding. The judgments rendered in this cause are reversed with costs. Judgment reversed.